RECEIVED
FEB 1 6 2007
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| CAROLYN R. JOHNSON, ET AL. | CIVIL ACTION NO. 07-0221 |
| versus | JUDGE HICKS |
| LARRY GRAVES, ET AL. | MAGISTRATE JUDGE HORNSBY |

## REPORT AND RECOMMENDATION

**Introduction; Other Civil Actions**

Carolyn R. Johnson ("Plaintiff") has filed, without the assistance of counsel, ten civil actions between December 4, 2006 and February 10, 2007. They are <u>Johnson v. Police Department of Haynesville, et al.</u>, 06 CV 2295 (alleging unlawful eviction and seeking $2,000,000 in damages and the dismissal of certain elected officials); <u>Johnson v. Haynesville Housing Authority, et al.</u>, 06 CV 2300 (alleging unlawful eviction and seeking FBI and CIA investigations); <u>Johnson v. Centerpoint Energy, et al.</u>, 06 CV 2314 (complaining of disconnection of utility services and seeking $1,500,000 in damages and personal restraining orders); <u>Johnson v. Haynesville Housing Authority, et al.</u>, 06 CV 2315 (alleging illegal eviction and praying for an FBI investigation and dismissal of public officials); <u>Johnson v. School Board of Claiborne Parish, et al.</u>, 07 CV 21 (seeking $1,000,000 in damages because defendants allegedly failed to acknowledge an application for employment); <u>Johnson v. Public Service Commission, et al.</u>, 07 CV 22 (asking for $1,000,000 and that PSC members be sanctioned for not handling a utility problem to Plaintiff's satisfaction); <u>Johnson v. Entergy, et al.</u>, 07 CV 70 (seeking $2,500,000 in damages based on alleged disconnect of

electricity); <u>Johnson v. Minden Medical Center et al</u>, 07 CV 209 (seeking $3,000,000 in damages for alleged medical malpractice and wrongful death); <u>Johnson v. Kenynan Corp et al.</u>, 07 CV 220 (seeking $2,000,000 in damages and injunctive relief arising from a ban from Piggly Wiggly); and <u>Johnson v. Graves et al</u>, 07 CV 221 (seeking damages from a bank for not promptly funding her son's $2,000 loan).

Plaintiff has purported to represent her son in some of the cases, but because she is not an attorney admitted to this court she may represent herself only. Attempting to represent others is the unauthorized practice of law. Plaintiff has also signed many of her submissions as "Johnson and Associates," perhaps attempting to suggest that she is operating a lawfirm.

**This Civil Action**

Plaintiff alleges in this case that Defendant First Service Financial approved a loan to Plaintiff's son for $2,000. Plaintiff alleges that the bank and its agent, Larry Graves (also a defendant), opened an account for her son at the Houston bank and sent checks and an ATM card to Plaintiff's address. Plaintiff complains that the bank has failed to distribute the $2,000 loan proceeds to her son, despite calls from Plaintiff. She complains that Mr. Graves has offered excuses and blamed the delay on bookkeepers. Plaintiff alleges that the delay was four months when she filed suit, and she contends that the defendants are "illegally using the petitioner's loan check for benefit of interest to their company holding the check to obtain interest for their company." Plaintiff adds that she "really doesn't want to cause defendant trouble," but she wants the matter resolved by having the loan funded.

**Subject Matter Jurisdiction**

This court has a duty, in all cases, to ascertain that it has jurisdiction to hear a case. Torres v. Southern Peru Copper Corporation, 113 F.3d 540, 542 (5th Cir. 1997). And the party seeking to invoke the jurisdiction of the federal court has the burden of proving that jurisdiction exists. Aetna v. Hillman, 796 F.2d 770 (5th Cir. 1986). The undersigned has carefully reviewed Plaintiff's complaint and finds no basis for the federal court to exercise jurisdiction.

Plaintiff has not identified a federal cause of action that would provide jurisdiction pursuant to 28 U.S.C. § 1331. The claim appears to be in the nature of breach of contract, and such claims arise from state law. The court would have jurisdiction to hear such a state law claim only if (1) Plaintiff (and her son) are diverse in citizenship from the Texas bank and its agent and (2) the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. It is possible that the parties are of diverse citizenship, although the complaint does not plead sufficient facts to determine that with certainty, but the amount in controversy element of diversity jurisdiction is lacking. The amount in controversy must exceed $75,000, but the loan at issue is only $2,000. Plaintiff does request that Defendants be ordered to pay her $10,000 per month, but there is no legal basis whatsoever for such an extraordinary remedy. The amount prayed for by the plaintiff ordinarily controls for amount in controversy purposes, but only if the claim is made in good faith. St. Paul Mercury Indemnity Co. v. Red Cab Co., 58 S.Ct. 586 (1938). There is no good faith legal basis for the $10,000 per month

remedy requested by Plaintiff, and there is no plausible basis for this court to exercise subject matter jurisdiction over this case.

The court should address a claim on the merits rather than dismiss for lack of jurisdiction unless the purported federal claim has no plausible foundation. See Williamson v. Tucker, 645 F2d. 404, 415-16 (5th Cir. 1981)(en banc). There does not appear to be a plausible foundation for a federal claim in Plaintiff's complaint, but if there is, an alternative reason for dismissal is the failure of the complaint to plead a viable federal claim. See F.R.C.P. 12(b)(6). Plaintiff has not pleaded an actionable claim on behalf of herself, the only person she is legally permitted to represent. The loan is alleged to be with Plaintiff's son, and he is not a signatory to the complaint or represented by an admitted attorney.

**Motion to Appoint Counsel**

Plaintiff has also filed a Motion to Appoint Counsel (Doc. 3), but there is no statutory basis for such an appointment in a tort suit. Even if the claim arose under 42 U.S.C. § 1983 or a similar statute that might permit appointment of counsel, appointment is not required in the absence of extraordinary circumstances. Cupit v. Jones, 835 F.2d 82, 86 (5th Cir. 1987). Plaintiff has not demonstrated extraordinary circumstances, so the motion should be denied.

**Sanctions Recommended**

This is the third Report and Recommendation issued by the undersigned in a case filed by Plaintiff. Each has resulted in a recommendation that the case be dismissed for lack of subject matter jurisdiction. See Johnson v. Minden Medical Center et al, 07 CV 209 and

Johnson v. Kenynan Corp et al., 07 CV 220. A review of Plaintiff's other cases, all of which were filed *in forma pauperis*, suggests that there are significant doubts about the court's subject matter jurisdiction in those cases or, if jurisdiction is present, the merit of the claims attempted to be pleaded.

Every paper filed with a court, no matter how repetitious or frivolous, requires some portion of the court's limited resources. A part of the court's responsibility is to see that those resources are allocated in a way that promotes the interests of justice. Martin v. Dist. of Columbia Court of Appeals, 113 S.Ct. 397, 398 (1992). It is evident that Plaintiff has abused the privilege that the court has afforded her of filing civil actions without payment of the filing fee. The judges and staff of the court and clerk's office will spend numerous hours resolving Plaintiff's ten civil actions that she has filed thus far, and the defendants who are served with the frivolous suits will be required to spend thousands of dollars in attorneys' fees to defend the against the suits. Allowing Plaintiff to continue to consume the resources of the court and the community with frivolous filings delays justice for other citizens who have business before the court and does not promote the interests of justice. A sanction adequate to deter such waste is in order.

A court "may structure sanctions necessary or warranted to control its docket and maintain the orderly administration of justice." Goldgar v. Office of Administration, 26 F.3d 32, 36 n. 3 (5th Cir. 1994). Among the available sanctions is a requirement that a litigant "obtain judicial pre-approval of all future filings" or a prohibition against any more *in forma*

*pauperis* actions without a certification of good faith from the court. Id. Judges in this division have rarely ordered such drastic sanctions, but the sanction has sometimes been found to be the only way to stop a persistent filer of frivolous litigation. See, e.g. Raz v. Storey, 99 CV 1850, Doc. 282; Simmons v. Malone, 06 CV 200, Docs 12 and 19; and Blackwell v. Overton Brooks Medical Center, 05 CV 415, Docs. 19 and 20. The sanctions order in each of those cases ended a string of frivolous actions filed by a pro se plaintiff that had needlessly wasted hundreds of hours of work by judges and chambers employees.

Similar action is appropriate in this case to avoid more wasted resources required by Plaintiff filing additional frivolous or borderline complaints. She will almost certainly continue to do so absent strong preventive measures. Plaintiff has established a litigation history that demonstrates that a lesser sanction will not be sufficient to deter her frequent filings.

The circumstances before the court – ten civil actions filed *in forma pauperis* within a few weeks, and the first three of the cases to be reviewed have been found to be frivolous – warrant an order that the Clerk of Court not file any civil complaint submitted by Plaintiff unless the complaint has been presented first to a district judge of this court and the judge has specifically authorized in writing that the complaint may be filed. Any motion to proceed *in forma pauperis* that accompanies such a complaint must also be directed to a district judge for action. These measures will protect the resources of the judiciary and the public without

unduly burdening Plaintiff's ability to access the courts if she has a good faith complaint worthy of the expenditure of such resources.

Accordingly;

**IT IS RECOMMENDED** that Plaintiff's **Motion to Appoint Counsel (Doc. 3)** be **denied** and that Plaintiff's complaint be **dismissed** for lack of subject matter jurisdiction.

**IT IS FURTHER RECOMMENDED** that the Clerk of Court be ordered to decline to file any civil complaint submitted by Carolyn Johnson unless the complaint has been presented first to a district judge of this court and the judge has specifically authorized in writing that the complaint may be filed. **It is also recommended** that any motion to proceed *in forma pauperis* that accompanies such a complaint be referred to a district judge for action.

### Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 10 days after being served with a copy, shall bar that

party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED at Shreveport, Louisiana, this the 16th day of February, 2007.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE

cc: Judge Hicks